IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:
William H. Rolin                      )
                                      )   CASE NO.  12-16236 NLJ
        Debtor(s).                    )
                                      )   Chapter 13

William H. Rolin,
And Lora Rolin

PLAINTIFFS

Versus                                                AP No.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY
MORTGAGE LOAN TRUST 2007-6XS,
AMERICAN SOUTHWEST MORTGAGE CORP.,
FFA MORTGAGE CORPORATION,
SAXON MORTGAGE SERVICES, INC.,
MORGAN STANLEY DEAN WITTER CAPITAL I  INC.,
WELLS FARGO BANK, NATIONAL ASSCIATION
LASALLE BANK NATIONAL ASSOCIATION,
MORGAN STANLEY  CAPITAL I INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.
JANE DOES  1-10, and
JOHN DOES 1-1000,

DEFENDANTS.

**Complaint of the Debtor for Declaratory Judgment and for Damages for Filing a False Proof of Claim and For Failure to Perfect Mortgage on Residential Real Property**

Introduction

1. This is an action brought by the Debtor/Plaintiff (hereinafter "Debtor") for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 2016(a), 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure ("Rules of Bankruptcy Procedure").

2. This is also an action to determine the secured status of the Defendants in this case pursuant

1

to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

## Jurisdiction

3. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counter-claims to the Proof of Claim and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## The Parties

6. William H. Rolin ("Rolin" and/or "Debtor") is a debtor under Chapter 13 of Title 11 of the United States Code.

7. William H. Rolin and Lora Rolin ("Rolins" and/or "Mortgagor") are the Mortgagors under the Mortgage.

8. MORGAN STANLEY CAPITAL I INC., a Delaware corporation, as depositor (the "Depositor") with its principal place of business at 1585 Broadway 2nd Floor New York, New York 10036.

9. LASALLE BANK NATIONAL ASSOCIATION, a national banking association, as trustee (the "Trustee"), and as the custodian (the "Custodian") with its principal place of business located at 135 South LaSalle Street in Chicago, Illinois.

10. WELLS FARGO BANK, NATIONAL ASSOCIATION, in its separate capacities as master servicer (the "Master Servicer"), as securities administrator (the "Securities Administrator") and, in its capacity as Securities Administrator, as auction administrator (the "Auction Administrator") with its principal place of business located at 299 South Main Street Salt Lake City, UT 84111-1901. The pooling and servicing agreement is a public document on file with the SEC. The website for this document: http://www.secinfo.com/drjtj.u36a.d.htm.

11. MORGAN STANLEY DEAN WITTER CAPITAL I INC., (formerly MORGAN STANLEY MORTGAGE CAPITAL INC.), a New York corporation, as seller (the "Seller") with its principal place of business located at1585 Broadway 2nd Floor New York, New York 10036.

2

12. FFA MORTAGE CORPORATION (the "Originator"), an Oklahoma corporation, as originator (the "Originator") with its principal place of business at 5200 S. Yale, Tulsa, OK 74135.

13. AMERICAN SOUTHWEST MORTGAGE CORPORATION, an Oklahoma corporation, ("ASMC") with its principal place of business at 3503 NW 63rd Street, Suite 500, Oklahoma City, OK 73116.

14. MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation , ("MERS")  is named the mortgagee under the Security Instrument with an address of P.O. Box 2026, Flint, MI 48501-2026.

15. U.S. Bank National Association is a national banking association organized under the laws of the United States and is a wholly-owned subsidiary of U.S. Bancorp.  The Plaintiffs allege that U.S. Bank National Association ("the Trustee") is the named Trustee for the Trust.  The Plaintiffs believe and therefore allege that the Trustee has acted as a trustee for mortgage-backed securitized trusts since 1987.  The principal location for the Trustee is US Bank National Association, Corporate Trust Services, One Federal Street, 3rd Floor, Boston, Massachusetts 02110.  The website for the Trustee is http://www.usbank.com/abs.

16. MORGAN STANLEY MORTGAGE LOAN TRUST 2007-6XS (the "Trust") is a common law trust formed on or about March 1, 2007, pursuant to New York law.  The corpus of the Trust allegedly consists of a pool of approximately $541,321,100 of residential mortgage notes allegedly secured by liens on residential real estate.  The Plaintiffs are informed and believe and therefore allege that the Trust has no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified below. The Plaintiffs allege that the mortgage notes were divided into three pools with each pool based on the stated maturity dates of the notes.  A detailed description of the mortgage loans is included in Form 425B5 ("the Prospectus") duly filed with the Securities and Exchange Commission on March 29, 2007, per SEC Accession No. 905148-7-2885 and accepted by the SEC on that date at 11:52am ET.  The Trust's SEC CIK Code for all SEC filings is 0001393820.

17. SAXON MORTGAGE SERVICES, INC. is a Texas corporation, ("Saxon") with its principle place of business located at 4708 Mercantile Drive Ft. Worth, Texas  76137.  The Plaintiffs are informed and believe and allege that Saxon is a servicer for the Trust. The pooling and servicing agreement is a public document on file with the SEC.  The website for this document: http://www.secinfo.com/drjtj.u36a.d.htm.

18. JANE DOES 1-1000 (the "Investors") are unknown investors.

19. JOHN DOES 1-10, being undisclosed mortgage aggregators (wholesalers), mortgage originators, loan seller, Trustee of Pooled Assets, Trustee for holders of certificates of Collateralized Mortgage Obligations, investment banker, and other unknown parties.

20. The Plaintiffs are informed and believe and allege that MORGAN STANLEY CAPITAL   I

3

INC issued the investment bonds in the mortgage-backed Trust identified herein. The said securities were underwritten by Morgan Stanley & Co. Incorporated. The Plaintiffs allege that these securities were duly registered with the Securities and Exchange Commission ("SEC") on a registration statement bearing file number 333-1303684. The registration statement and other reports and information regarding the Trustee are available at the SEC's Internet site at http://www.sec.gov. The materials are also available to read and copy at the SEC's Public Reference Room at 100 F. Street, N.E., Washington, D.C. 20549.

## The Base Case

21. This case was commenced by the filing of a Chapter 13 petition with the Clerk of this court on December 28, 2012. On or about December 28, 2012, the Bankruptcy Noticing Center notified Defendants listed in of Debtor's bankruptcy case. The attorney for the Debtor also provided the Defendants with written notice of the filing and with a copy of the Chapter 13 plan at or about the same time.

22. An Order for Relief under the provisions of Chapter 13 of the Bankruptcy Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of the Bankruptcy Code.

23. The 341(a) meeting of creditors was held February 14, 2013 in Oklahoma City, Oklahoma.

24. The debtor listed on Schedule D a disputed debt to FFA Mortgage Corporation in the current outstanding amount of $390,000. The debt was disputed to the extent that the debtor denied that FFA Mortgage or the Trust held a valid, and enforceable secured claim against property of the bankruptcy estate, specifically: the debtor's single-family home located at 19843 Johnson Avenue, Purcell, McClain County, Oklahoma, described in that Deed recorded in the McClain County Public Registry.

25. The debtor listed on Schedule A – Real Property of the bankruptcy estate with a value of $300,000, specifically: the debtor's single-family home located at 19843 Johnson Avenue, Purcell, McClain County, Oklahoma, described in that Deed recorded in McClain County Public Registry.

26. The Plaintiff alleges that the debt is evidenced by a note issued on a standard Fannie/Freddie Uniform Instrument. The note was actually signed on December 15, 2006, and provides for a fixed rate of interest of 7.25%, with monthly payments of $2,455.83 due on the 1st day of each month for a term of 30 years, beginning on February 1, 2007.

27. The Plaintiff states that the note is allegedly secured by a mortgage recorded in Book 1822 Page 355 of the McClain County Public Registry. "MERS" is Mortgage Electronic Registration System, Inc. MERS is the mortgagee under the security instrument.

28. The Plaintiff states that on July 1st, 2008, the Rolins entered into a Loan Modification Agreement with Central Mortgage Company recorded in Book 1909 Page 912 of the McClain County Public Registry. The Loan Modification Agreement provided for a payment

4

of alleged unpaid principal balance of $401,078.18 with a variable interest rate and payment:

| Due Date | Payment | Interest Rate |
|---|---|---|
| August 1, 2008 | $2083.19 | 4.5% |
| August 1, 2009 | $2199.24 | 5.0% |
| August 1, 2011 | $2545.36 | 6.5% |

29. The Plaintiff alleges that Central Mortgage Company did not have authority to modify the said note and mortgage and that the Loan Modification Agreement is hereby rescinded.

30. The Plaintiff states that on **July 1, 2010** Mortgage Electronic Registration Systems, Inc. allegedly assigned to U.S. Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-6XS the mortgage in Paragraph 28 and the notes, debts, and claims secured thereby. The assignment was recorded on August 8, 2010.

31. The Plaintiff states that on **July 8, 2010** Saxon Mortgage Services, Inc. allegedly assigned to U.S. Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-6XS the mortgage in Paragraph 27 and the notes, debts, and claims secured thereby. The assignment was recorded on October 7, 2010.

32. The Plaintiffs further allege that no documents or records have been filed with a Proof of Claim demonstrating that prior to the petition date the note was duly endorsed, transferred and delivered to the Trust. The Plaintiffs further allege that in order for the Trust to have a valid and enforceable secured claim against the real property of this estate in bankruptcy the Trust must prove that it received an endorsement of the Note that was duly executed prior to the petition date and that it had physical possession of the note at that point in time. Absent such proof, the Plaintiffs allege that the Trust has failed to demonstrate that it had standing as a secured creditor in this case prior to the creation of the Bankruptcy Estate. Furthermore, since the Trust does not hold and possess the Note it is estopped and precluded from asserting any secured or unsecured claim in this case.

33. Under Section 201 of the Uniform Commercial Code, parties are allowed to contract around the Uniform Commercial Code. That is exactly what the pooling and servicing agreement has done. The pooling and servicing agreement is governed by New York Trust Law. Under New York Trust Law, the noncompliance with the pooling and servicing agreement could void the transfers of the note and mortgage into the Trust. New York Trust Law provides that if a Transfer does not comport to the Trust documents, that transfer is void even if it would otherwise comply with Law. If the transfer is void the Trust does not own the note and therefore lacks standing. Furthermore, since the Trust does not hold and possess the Note it is estopped and precluded from asserting any secured or unsecured claim in this case.

34. The Plaintiff alleges that there is no evidence that the Trust has been lawfully given the ownership of, or the right to retain any recovery with respect to, the claims asserted. The purported assignments and negotiations attached to prior Proof of Claims filed in Case No. 10-13496 are totally inconsistent with the Conveyancing Rules of Section 2.01 of the Pooling and Servicing Agreement and therefore, are ineffective, as a matter of federal law, to

transfer any ownership rights to the Trust.

35. The Plaintiffs further aver that any documents that purport to transfer any interest in the Note to the Trust post petition are void as a matter of law pursuant to Sections 362(a)(4) and 549 of Title 11 of the United States Code.

36. The Plaintiffs further allege that on or about March 29, 2007, the Defendants caused to be filed in Form 8-K with the SEC a Pooling and Servicing Agreement (the "PSA") for MORGAN STANLEY MORTGAGE LOAN TRUST 2007-6XS as the Trust. The document is filed at the following SEC Internet address: http://www.secinfo.com/drjtj.u36a.d.htm.

37. The Plaintiffs allege that one purpose of the PSA is to document that in the regular course of business the Defendants originate and acquire mortgage loans and desire by the PSA to confirm the terms and conditions under which the Trust will "acquire the mortgage loans" so originated.

38. The Plaintiffs allege that the Note in this case was never lawfully negotiated and physically delivered to the Trust.

39. The Prospectus and Prospectus Supplement filed with the SEC in this case on Form 424B5 includes the Risk of Investment in the Trust. The form is filed at the following website: http://www.secinfo.com/drjtj.u2Qa.htm.

40. The Prospectus and Prospectus Supplement provide on pages 37 of the Core Supplement that "Federal and state statutory provisions affording protection or relief to distressed borrowers may affect the ability of the secured mortgage lender to realize upon its security in other situations as well. For example, in a proceeding under the federal Bankruptcy Code, a lender may not foreclose on a mortgaged property without the permission of the bankruptcy court. And in certain instances a bankruptcy court may allow a borrower to reduce the monthly payments, change the rate of interest, and alter the mortgage loan repayment schedule for under-collateralized mortgage loans. The effect of these types of proceedings can be to cause delays in receiving payments on the mortgage loans and even to reduce the aggregate amount of payments on the mortgage loans." On page 90, "other modifications of the terms of a Mortgage Loan can result from a bankruptcy proceeding, including the reduction (a "Debt Service Reduction") of the amount of the monthly payment on the related Mortgage Loan." The Plaintiffs allege that these statements to the potential investors in the Prospectus and the Prospectus Supplement constitute admissions and admissions against interest by the Defendants that the Note may not be a perfected claim in the event the loan in the pool becomes involved in a bankruptcy proceeding.

41. The Plaintiffs therefore allege upon information and belief that none of the Defendants in this case holds a perfected and secured claim in the residential real estate of the Debtor and property of this estate in bankruptcy and that all of the said Defendants are estopped and precluded from asserting an unsecured claim against this estate.

**WHEREFORE**, for good cause and as previously stated the Plaintiffs respectfully pray of the Court that:

a. FFA MORTGAGE CORPORATION has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

b. AMERICAN SOUTHWEST MORTGAGE CORP. has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

c. MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

d. SAXON MORTGAGE SERVICES, INC. has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

e. U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE for the Trust has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

f. MORGAN STANLEY DEAN WITTER CAPITAL I INC. has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

g. WELLS FARGO BANK, NATIONAL ASSCIATION has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

h. LASALLE BANK NATIONAL ASSOCIATION has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

i. MORGAN STANLEY MORTGAGE CAPITAL INC. has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

j. CENTRAL MORTGAGE COMPANY has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

k. MORGAN STANLEY MORTGAGE LOAN TRUST 2007-6XS has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

l. JANE DOES 1-10 have no enforceable secured or unsecured claim against property of the estate in bankruptcy;

m. JOHN DOES 1-1000 have no enforceable secured or unsecured claim against property of the estate in bankruptcy;

n. The sworn Proof of Claim filed on behalf of the Trust is false, fraudulent, and otherwise unlawful;

o. The sworn Proof of Claim filed on behalf of the Trust violates the Local Rules of this Court, Rule 3001 of the Bankruptcy Rules, and the Official forms and instructions thereto for lack of any supporting documentation;

p.  The sworn Proof of Claim filed on behalf of the Trust includes illegal and unlawful post petition fees and charges that have never been approved by this Court pursuant to Section 506(b) of the Bankruptcy Code and Rule 2016(a) of the Bankruptcy Rules;

q.  The sworn Poof of Claim attempts to unlawfully secure property of the estate and property from the estate in violation of Section 362(a)(3) of the Bankruptcy Code;

r.  In the alternative, any efforts of the Defendants to assign and deliver the Note to the Trustee or the Trust post petition be declared an unlawful act in willful violation of Section 362(a)(4) of the Bankruptcy Court;

s.  The Mortgage on the real property be assigned to the Chapter 13 Trustee along with the note;

t.  The Chapter 13 Trustee be granted a first Mortgage or First Lien on the real property in order to preserve the rights of the estate in the said collateral subject to the exemption claim of the Plaintiffs in the said residential real estate;

u.  The Plaintiffs have and recover actual and punitive damages in an amount to be determined by this Court;

v.  The Plaintiffs have and recover their reasonable legal fees in an amount to be determined by this Court;

w.  The Plaintiffs recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

x.  The Plaintiffs have such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

/s/ Roland V. Combs, III
Roland V. Combs, III, OBA #11073
THE LAW FIRM OF ROLAND V. COMBS III
& ASSOCIATES, PLC
PO BOX 60647
Oklahoma City, OK 73146-0647
(405) 942 – 7866    OFFICE
(405) 942 – 7845    FAX
**ATTORNEY FOR THE DEBTOR**