IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM H. ROLIN, | ) | Bk. No. 12-16236 NLJ |
| | ) | Chapter 13 |
|     Debtor. | ) | |
| | | |
| WILLIAM H. ROLIN | ) | |
| and LORA ROLIN, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | AP No. 13-01030 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR MORGAN STANLEY | ) | |
| MORTGAGE LOAN TRUST 2007-6XS, | ) | |
| AMERICAN SOUTHWEST MORTGAGE CORP., | ) | |
| FAA MORTGAGE CORPORATION, | ) | |
| SAXON MORTGAGE SERVICES, INC., | ) | |
| MORGAN STANLEY DEAN WITTER | ) | |
| CAPITAL I, INC., | ) | |
| WELLS FARGO BANK, NATIONAL | ) | |
| ASSOCIATION, | ) | |
| MORGAN STANLEY CAPITAL I, INC., | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEM, INC., | ) | |
| JANE DOES 1-10, and, | ) | |
| JOHN DOES 1-1000, | ) | |
|     Defendants. | ) | |

**COMBINED ANSWER AND COUNTER-CLAIM
OF AMERICAN SOUTHWEST MORTGAGE CORP.**

    COMES NOW Defendant American Southwest Mortgage Corp. ("ASMC"), and for its Combined Answer and Counter-Claim herein, alleges and states as follows:

## ANSWER

1.	Paragraphs 1 and 2 of Debtors' Complaint do not require a response.

2.	ASMC admits the allegations contained in paragraphs 3 through 5 of the Debtors' Complaint as they relate to the jurisdiction of this Court.

3.	ASMC admits the allegations contained in paragraph 6 of Debtors' Complaint.

4.	ASMC does not deny that the Debtors are mortgagors as alleged in paragraph 7 of Debtors' Complaint, but denies that there is a single mortgage related to this action.

5.	ASMC lacks sufficient information to admit the allegations contained in paragraphs 8 through 12 of the Debtors' Complaint and for that reason denies same and demands strict proof thereof.

6.	ASMC admits the allegations contained in paragraph 13 of the Debtors' Complaint, except as to the address of it's principal place of business, which is 5900 Mosteller Drive, Suite 10, Oklahoma City, Oklahoma 73112.

7.	ASMC lacks sufficient information to admit the allegations contained in paragraphs 14 through 20 of the Debtors' Complaint and for that reason denies same and demands strict proof thereof.

8.	ASMC admits the allegations contained in paragraphs 21 through 23 of Debtors' Complaint.

9.      ASMC lacks sufficient information to admit the allegations contained in paragraphs 24 through 40 of the Debtors' Complaint and for that reason denies same and demands strict proof thereof.    ASMC specifically denies any allegations in the Debtors' Complaint that might be construed to deny the existence of ASMC's good and valid second mortgage on the real property which is the subject of this action.

10.     ASMC specifically denies the allegations contained in Paragraph 41 of the Debtors' Complaint.

WHEREFORE, ASMC prays that the Debtors take nothing as to this Defendant byvirtue of their Complaint, and that ASMC should have relief as set forth hereafter in its Counter-claim.

## COUNTER-CLAIM

COMES NOW ASMC, and for its Counter-claim against Plaintiffs William H. Rolin and Lora Rolin (the "Rolins") herein, alleges and states as follows:

## JURISDICTION

11.     ASMC is a duly licensed to conduct business in the state of Oklahoma.

12.     The real property which is the subject matter of this action is located in McClain County, Oklahoma.   That this Court has jurisdiction over the matter herein.

13.     ASMC is attempting to collect a debt, and to the extent that the Fair Debt Collection Act is applicable herein, the Debtors are advised that any information obtained will be used for that purpose.

14. On or about the 15th day of December, 2006, Defendant William H. Rolin, for good and valuable consideration, made, executed and delivered a certain Balloon Note ("Note") to ASMC, payable as to principal and interest as provided therein. A true and correct copy of said Note has previously been filed herein as part of ASMC's Proof of Claim and Arrearage Proof of Claim, and is incorporated herein by reference. The Note has never been assigned or endorsed to another party, and ASMC has been the holder and owner of the Note since its making. Servicing of the Note was assigned to another entity at one time, but the Note remained in the possession of ASMC during that period of time. Although ASMC attempted to sell the note, which it routinely does as part of it's normal business, the sale was declined due to William Rolin's default under the terms of the said Note.

15. Debtor William Rolin has failed to pay the Note according to its terms, and ASMC is entitled to repayment consistent with the Proofs of Claim on file herein.

16. As part and parcel of certain loan transactions between William Rolin and ASMC, and for the purpose of securing the payment of the indebtedness owed to ASMC, and all extensions and renewals thereof, including the December 15, 2006 Note set forth above, Debtor William H. Rolin, joined by his wife Lora Rolin, as then record owners of the subject real estate, made, executed and delivered their certain Mortgage ("Mortgage") in writing covering the real property which is the subject of this action, with all the improvements thereon and the appurtenances thereunto appertaining or belonging. That said Mortgage was duly executed and acknowledged according to law, the mortgage tax duly paid thereon, and was on the 29th day of December, 2006, filed in the office of the County Clerk of McClain County, Oklahoma, and therein recorded in Book 1822 at Page 366 *et seq*. The Mortgage is incorporated herein by reference according to law.

17. The Note and Mortgage referred to above provide that, in case of foreclosure of said Mortgage, and as often as any proceedings shall be instituted to foreclose same, Defendant William H. Rolin will pay all necessary costs, expenses and a reasonable attorney's fee, and that the same shall be a further charge and lien upon the said premises.

18. The Mortgage further provides that, should it be necessary to make any advancements to preserve the collateral of ASMC, including but not limited to advancements to the first mortgage holder, said advancements shall be a further charge and lien upon said premises, with interest thereon at the Note rate from date of advancement until paid.

19. The Real Estate Mortgage described above further provides that the Mortgage secures the payment of all indebtedness of mortgagor to mortgagee, then existing or thereafter created, and any renewals and extensions thereof.

20. ASMC further alleges that it holds a good and valid second mortgage interest in the property which is the subject of this action, contrary to the allegations of Debtors in their Complaint.

**AFFIRMATIVE DEFENSES, CROSS-CLAIM AND RESERVATION OF RIGHT TO AMEND**

21. ASMC reserves the right to add Affirmative Defenses and/or Cross-Claims, and to amend it's Answer and Counter-claim, as events and discovery results may warrant.

**PRAYER FOR RELIEF**

For its prayer for relief, American Southwest Mortgage Corp. prays that it be awarded judgment and relief as follows:

(A) That ASMC have judgment against Debtors, dismissing all allegations of the Complaint against it, and that the Debtors take nothing by way of said Complaint against ASMC;

(B) That ASMC have judgment determining that it has a valid and enforceable interest in the property which is the subject of this action;

(C) That ASMC be awarded all of its costs and attorney fees incurred in the defense of this Adversary Proceeding, with said award to constitute a lien upon the property which is the subject of this action according to the Note and Mortgage referenced above; and

(D) That ASMC be awarded any and all other relief this Honorable Court deems just and proper.

Respectfully Submitted,

/s/ Gary L. Giessmann
Gary l. Giessmann, OBA #11318
Nash, Cohenour, Kelley, Giessmann & Knight, P.C.
4101 Perimeter Center Drive, Suite 200
Oklahoma City, OK  73112
Telephone: (405) 917-5000
Facsimile:  (405) 917-5005
Email: garyg@nashfirm.com
Attorneys for American Southwest Mortgage Corp.

CERTIFICATE OF SERVICE

COMES NOW the undersigned attorney for American Southwest Mortgage Corp., and certifies that on the 3rd day of May, 2013, true and correct copies of the above and foregoing pleading as filed on behalf of American Southwest Mortgage Corp., was electronically served using the CM/ECF system upon the following:

Kirk J. Cejda on behalf of Creditor U.S. Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-6XS, Mortgage Pass-Through Certificates, Series 2007-6XS: okecfwestern@logs.com

Roland V. Combs on behalf of Debtor William Rolin:  rolandvcombs@sbcglobal.net, jeanniecombs@yahoo.com

John T. Hardeman:  13trustee@chp13okc.com, trustee@chp13okc.com

U.S. Trustee:   Ustpregion20.oc.ecf@usdoj.gov

/s/ Gary L. Giessmann
Gary L. Giessmann, OBA #11318
Attorney for American Southwest Mortgage Corp.

I:\CLIENT\ASWM\ROLIN, WILLIAM 1016.098\2012 Bankruptcy\Answer.wpd